IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHNNY EDWARD TATUM, SR.,

      Plaintiff,                  No. 2:12-cv-0476 EFB P

      vs.

SOLANO COUNTY SHERIFFS, et al.,

      Defendants.          <u>ORDER</u>

      Plaintiff is a county inmate proceeding pro se with this civil rights action under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. Dckt. No. 4; *see* E.D. Cal. Local Rules, Appx. A, at (k)(4). After a dismissal pursuant to 28 U.S.C. § 1915A, plaintiff has filed an amended complaint.

      Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

Plaintiff's amended complaint describes his claim in no more than three sentences and does not significantly differ from his original complaint. It alleges that defendants denied him "mental health services" and denied him "custody privileges," such as more time out of his cell, because he uses a "c-papp machine." *See* Am. Compl., Dckt. No. 10. In its initial screening order the court informed plaintiff that such bare allegations failed to state a cognizable claim:

> In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).
>
> Furthermore, a claim upon which the court can grant relief has facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. . . . .
>
> A *pro se* plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Dckt. No. 8 at 2-3. The court also informed plaintiff of the standards governing claims for alleged violations of the Eighth Amendment and the Americans with Disabilities Act (ADA):

> To state a claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297-99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See*, *e.g.*, *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir.1997) (*en banc*). It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing

*Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).  Moreover, it is well established that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004).  An ADA plaintiff also "bears the burden of establishing the elements of the prima facie case, including--if needed--the existence of a reasonable accommodation that would enable him to participate in the program, service, or activity at issue." *Pierce v. County of Orange*, 526 F.3d 1190, 1217 (9th Cir. 2008) (internal quotation marks omitted).

Dckt. No. 8 at 5-6.  Additionally, the court notes that a plaintiff may seek injunctive relief for an ADA claim against state officials in their official capacities, but not in their individual capacities.  *See Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003).  And damages are only available under Title II of the ADA where a plaintiff proves the defendant acted with deliberate indifference.  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).

Plaintiff's amended complaint does not cure the deficiencies identified in the court's initial screening order.  It does not contain sufficient factual matter to demonstrate that any defendant acted with deliberate indifference.  It also does not contain sufficient factual matter regarding the alleged exclusion from "custody privileges," including whether plaintiff was qualified for those undisclosed privileges.  There are no facts regarding the nature of plaintiff's disability, or how or why the "c-papp machine" limited his custody privileges, including time outside his cell.  Nor are there facts showing that defendants could have reasonably provided plaintiff with more time outside of his cell, or that defendants otherwise discriminated against plaintiff because of a disability.

////

////

////

Like the original complaint, the amended complaint is too vague and conclusory to state a cognizable claim for relief. And although plaintiff requested monetary damages in the original complaint, the amended complaint does not include a request for relief. Federal Rule of Civil Procedure 8(a)(3) requires that a plaintiff make a demand for the relief sought.

Despite an opportunity to amend, plaintiff appears to be unable to state a cognizable claim for relief, and further leave to amend appears futile. Accordingly, the court will dismiss the amended complaint without further leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely.").

Accordingly, plaintiff's amended complaint is dismissed for failure to state a claim and the Clerk is directed to close this case.

Dated: August 10, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4